IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICK JAMES HOWARD, TDCJ NO. 1527296, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-14-1179 |
| LT. BRAD MYERS, et al., | § § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER OF DISMISSAL**

Texas prison inmate Patrick James Howard, TDCJ No. 1527296, has filed at least two prisoner civil rights suits in the federal courts that were dismissed as frivolous. Howard v. Gensil, No. H-13-1015 (S.D. Tex. 2013); Howard v. Livingston, No. H-13-2679 (S.D. Tex. 2014). He has also filed a prisoner civil rights appeal, which the United States Court of Appeals for the Fifth Circuit dismissed as frivolous. Howard v. Davis, No. 13-40677, 2014 WL 68917 (5th Cir. 2014) (not selected for publication). Consequently, the Three-Strikes Rule of the Prison Litigation Reform Act ("PLRA") bars Howard from filing any new prisoner complaints without paying the filing fee in advance unless he is in imminent danger of serious physical harm at the time the suit is filed. 28 U.S.C. § 1915(g).

In the present action Howard complains that he has been subjected to threats, profanity, and retaliation. He alleges that

he was ordered to take off his shoes during a routine strip search. Howard states that when he refused to comply the guards told him they would gas him if he did not follow their orders (Emergency Complaint Under the Civil Rights Act, 42 U.S.C. § 1983 ("Complaint"), Docket Entry No. 1, p. 5). Howard reconsidered his situation and told the guards that he would take his shoes off, but that he would be filing a grievance against them. The guards responded by telling Howard to be sure he spelled their names correctly before he submitted a grievance. They also warned him that they would "spend a little extra time" searching his cell while he waited out in the recreation yard.

Howard alleges that he was removed from his cell and taken outside where he stood in 54 degree weather wearing only socks on his feet. He alleges that the yard was covered with urine and that his socks were soiled and wet by the time he came back inside. Id. When Howard returned to his cell he found it in disarray and saw that some of his property was missing. He refused to go back into his cell until a sergeant was called and he reported the problem to her.

The sergeant took pictures of Howard's cell and agreed that the guards were wrong "for tearing your stuff up." Id. at 6. She also encouraged him to file a grievance. Howard did so and listed all of the items that were confiscated or destroyed; however, no

effective efforts were made to investigate what Howard contends is a retaliatory act.  Id. at 7.  Instead, Howard endured more harassment and retaliation because of the grievance he filed. Howard acknowledges that he is subject to the PLRA's three-strikes provision, but he asserts that his life is in danger because of the retaliation, and he contends that the court must do something before he suffers a physical injury (Complaint, Docket Entry No. 1, pp. 7-8).

Howard's pending complaint does not show that he is in any immediate danger of serious physical harm.  Howard's unsupported fears that he might be harmed are not sufficient to warrant an exception to the three-strikes rule of section 1915(g).  See Davis v. Scott, 94 F.3d 444, 446-447 (8th Cir. 1996).  Therefore, this action will be dismissed because Howard is barred under 28 U.S.C. § 1915(g).  Choyce v. Dominguez, 160 F.3d 1068, 1071 (5th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998).

### Conclusion and Order

The court **ORDERS** the following:

1. The Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **DENIED**.

2. The Emergency Complaint Under the Civil Rights Act, 42 U.S.C. § 1983 (Docket Entry No. 1), filed by Patrick James Howard, TDCJ No. 1527296, is **DISMISSED without prejudice** to refiling after payment of the filing fees.  28 U.S.C. § 1915(g).

3. Plaintiff's Motion Requesting Correction of Plaintiff/Petitioner Name, Request for Order from the Court Ordering Law Librarian Taylor to Release Six-Month Account Statement, and Be Ye Remembered that a TDCJ Inmate Request Form (I-60) Was Submitted to the USDC Clerk Office as Evidence as to the Plaintiff Contineous [sic] Attempts of Unit-Exhaustion (Docket Entry No. 5) is **DENIED**.

4. The Clerk is directed to provide a copy of this Memorandum Opinion and Order by mail or electronic means to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711; and the Pro Se Clerk for the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this the 13th day of May, 2014.

SIM LAKE
UNITED STATES DISTRICT JUDGE